IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACEY NORDLAND,                          Case No. 2:12-cv-01985-AA
                                               OPINION AND ORDER
            Plaintiff,

      v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

            Defendant.
_____

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, Oregon 97293
      Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

John C. Lamont
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

Franco L. Becia
Assistant Regional Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
      Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Stacey Nordland seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of Social Security ("Commissioner") opposes plaintiff's motion on the basis that its position was substantially justified and the amount requested is unreasonable. For the reasons set forth below, plaintiff's motion is denied.

## PROCEDURAL BACKGROUND

Plaintiff initially filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 9, 1995. On March 24, 1999, after a hearing, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled within the meaning of the Social Security Act ("Act"). The Appeals Council accepted review and remanded the case for further proceedings. On November 7, 2005, after a second administrative hearing, the ALJ issued another unfavorable decision. On June 27, 2006, the Appeals Council denied review of the ALJ's 2005 decision. Plaintiff did not file any further appeals thereafter.

On July 31, 2007, plaintiff filed new DIB and SSI applications. On August 30, 2010, the third ALJ hearing was held, wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). On September 19, 2010, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. After the Appeals Council declined review, plaintiff filed a complaint in this Court raising three allegations of error.

Page 2 - OPINION AND ORDER

Specifically, plaintiff asserted that the ALJ erred by: (1) dismissing her DIB claim and assessing her SSI claim from November 8, 2005 forward, despite the fact that her alleged onset date was June 15, 1994; (2) improperly discrediting her subjective symptom testimony; and (3) inadequately weighing the medical evidence from Stewart Swena, M.D. Pl.'s Opening Br. 6.

The Court found no error regarding these three issues, but nonetheless reversed and remanded the ALJ's decision due to plaintiff's narcotic use, which was not considered in formulating her residual functioning capacity ("RFC"). See generally Epperson-Nordland v. Colvin, 2013 WL 5774110 (D. Or. Oct. 22, 2013). Subsequently, plaintiff timely moved for attorney fees in the amount of $4,512.76. Pl.'s Reply to Mot. Att'y Fees 5.

## STATEMENT OF FACTS

Born on December 21, 1964, plaintiff was 29 years old on the alleged onset date of disability and 45 years old at the time of the 2010 hearing. Plaintiff completed the eleventh grade, obtained her GED, and attended two years of college. She previously worked as a bookkeeper.

In determining whether plaintiff qualified for DIB and SSI, the ALJ completed the five-step sequential process outlined in 20 C.F.R. §§ 404.1520, 416.920. At step one of this process, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 8, 2005, the date after the Commissioner's previous final decision. At step two, the ALJ determined that plaintiff had the following severe impairments: "[f]ibromyalgia,

Page 3 - OPINION AND ORDER

reactive airway disease, pain disorder, depressive disorder and a history of obesity." Tr. 19. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.

Because plaintiff did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the RFC to perform light work, but was limited to only "superficial interaction with the public, supervisors and co-workers" and "unskilled work and routine tasks." Tr. 21. In addition, plaintiff "should avoid concentrated exposure to fumes, orders, dusts, gasses and humidity." Id.

At step four, the ALJ found that plaintiff had no past relevant work. Finally, at step five, the ALJ concluded that, based on the VE's testimony, plaintiff could perform a significant number of jobs existing in the national and local economy despite her impairments, such as garment sorter, cannery worker, and electronics worker. Accordingly, the ALJ found that plaintiff was not disabled under the Act.

## STANDARD OF REVIEW

A party that prevails against the United States government in a civil action is entitled, in certain circumstances, to an award of attorney fees, court costs, and other expenses under the EAJA. See 28 U.S.C. § 2412. Significantly, the EAJA is not an automatic fee-shifting statute. Zapon v. U.S. Dep't of Justice, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the EAJA provides:

Page 4 - OPINION AND ORDER

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A).

Thus, the EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. The court must first ascertain if the plaintiff was a prevailing party; if so, the court must then evaluate whether the government was substantially justified in its position and that no other special circumstances exist for making an award of attorney fees unjust or unreasonable. Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). If the government proves it was substantially justified, attorney fees will not be awarded to the plaintiff. Id.

## DISCUSSION

It is undisputed that plaintiff is the prevailing party and, therefore, satisfies the first requirement for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). See Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001). The Commissioner contends, however, that it was substantially justified its support of the ALJ's decision to deny benefits and, therefore, this Court should deny plaintiff's request for attorney fees. Additionally, the Commissioner contends that the amount of fees requested is unreasonable under the circumstances presented here.

Page 5 - OPINION AND ORDER

I. Substantial Justification

In order to demonstrate substantial justification, the government has the burden of showing that its conduct had "a reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government is substantially justified if its position meets "the traditional reasonableness standard – that is justified in substance or in the main, or to a degree that could satisfy a reasonable person." Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (citing Pierce, 487 U.S. at 565) (internal quotations omitted). In making a determination of substantial justification, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). Moreover, the "district court should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010). The government's failure to prevail in the underlying litigation is not dispositive. Pierce, 487 U.S. at 569.

In her appeal to this Court, plaintiff alleged that the ALJ erred by: dismissing her DIB claim and assessing her SSI claim from November 8, 2005 forward, despite the fact that her alleged onset date is June 15, 1994; improperly discrediting her subjective

symptom testimony; and inadequately weighing Dr. Swena's opinion. This Court affirmed the ALJ's decision as to each purported error directly raised by plaintiff. Epperson-Nordland, 2013 WL 5774110 at *1-9. Nevertheless, this Court reversed and remanded the case due to the ALJ's failure to consider the collective effects of plaintiff's myriad prescriptions, including daily narcotics taken in conjunction with anti-anxiety, anti-depressants, and other medications. Id. at *9. On remand, the ALJ was directed to obtain testimony from a medical expert regarding limitations related to plaintiff's medications and any associated side-effects and, if necessary, revise the RFC accordingly. This Court reached the issue, by interpreting plaintiff's appeal as a more general challenge to the RFC, in order to provide the most complete review of plaintiff's underlying disability, which had allegedly been ongoing for nearly two decades. Id. at *3, n.1.

Thus, it is undisputed that plaintiff failed to raise the issue warranting remand on appeal to this Court. See generally Pl.'s Opening Br.; Pl's Reply Br.; see also Epperson-Nordland, 2013 WL 5774110 at *3. Accordingly, in determining plaintiff's entitlement to fees, the sole issue is whether the Commissioner was substantially justified in its initial decision to deny benefits. See Kali, 854 F.2d at 332; see also Pl.'s Reply to Mot. Att'y Fees 2.

Generally, the ALJ has a duty to consider the "type, dosage, effectiveness, and side-effects of any medication" taken by a claimant to alleviate her pain or other symptoms in the RFC

determination. <u>See</u> 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Here, plaintiff did not raise any issues associated with her medications during the application process or at the 2010 hearing. When applying for benefits, plaintiff alleged an inability to work due to arthritis, fibromyalgia, depression, allergies, and insomnia. Tr. 67. During the 2010 ALJ hearing, plaintiff testified that she was primarily unable to work due to "[p]hysical pain [and] [d]epression." Tr. 39-40. Even when the ALJ directly asked about her medications and recent hospitalizations, plaintiff made no reference to any side-effects or limitations related thereto. Tr. 41-43; <u>see also</u> Tr. 44 (plaintiff stating she experienced side-effects from Nortiptylin when prescribed at 150 milligrams, but her reduction to 50 milligrams resolved the issue). Notably, while plaintiff testified to problems with concentration, the ALJ determined that this impairment resulted from ongoing pain, rather than from her prescription medications. Tr. 22 (plaintiff testifying that she "couldn't think clearly because of the pain [and] I have a brain fog, when I start hurting, it kind of just takes over"); <u>see also</u> Tr. 44-45.

Plaintiff also denied medication side-effects to her medical providers. For instance, Stephen Condon, Ph.D., noted that plaintiff did not complain about any prescription side-effects, apart from an increased appetite. Although Dr. Condon evaluated plaintiff, cognizant she was on high doses of opiates and other medications, he did not identify any impairments associated therewith. Tr. 23-25, 512-22. The few side-effects mentioned in Dr.

Swena's chart notes were either transitory or did not impair plaintiff's functioning. See Tr. 354, 357, 375. As a result, reviewing doctors William Habjan, D.O., Sandra Lundbland, Psy.D., Dorothy Anderson, Ph.D., and Richard Alley, M.D., did not denote any medication side-effects. Tr. 334, 536, 538-45, 550-51.

The record provides a possible explanation for plaintiff's failure to report impacts associated with her medications to her medical providers. As this Court previously observed, "evidence of record implies that plaintiff may be experiencing reliance on or addiction to opiates." Epperson-Nordland, 2013 WL 5774110 at *9 (citations omitted). As such, plaintiff may have under-reported or vaguely reported negative ramifications relating to her prescription medications in order to obtain ongoing narcotic and/or opiate re-fills. This fact likely accounts, at least in part, for the lack of objective evidence in the medical record regarding plaintiff's medication side-effects. Therefore, although the ALJ acted in error, his reliance on evidence throughout the record that plaintiff experienced no medication side-effects had a reasonable basis in law and in fact.

Finally, plaintiff's attorney had several opportunities to raise the issue of plaintiff's medication regimen and failed to do so, indicating that he did not perceive it as relevant to her disability determination. "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." Glenn v. Sec'y of Health & Human Servs., 814 F.2d

Page 9 - OPINION AND ORDER

387, 391 (7th Cir. 1987). Plaintiff's counsel mentioned side-effects twice, and only briefly, pursuant to plaintiff's DIB and SSI applications. First, in his memorandum to the Appeals Council after the ALJ's 2010 decision denying benefits, counsel "contend[ed] that Judge Say simply mischaracterizes the evidence by indicating the claimant can function enough to work full-time if using medications." Tr. 185. Second, plaintiff's counsel made a passing reference to plaintiff's medication side-effects in the context of her credibility, yet the Court did not rely on this reasoning in affirming the ALJ's decision as to this issue. See Pl.'s Opening Br. 15; see also Epperson-Nordland, 2013 WL 5774110 at *5-7. The Court finds it questionable that plaintiff's counsel would elect not to pursue an issue during the administrative hearing or on appeal, but later, in a request for attorney fees totaling nearly $5,000, maintain that the Commissioner was not substantially justified in supporting the ALJ's position.

In any event, plaintiff's failure identify her medication side-effects as an impediment to her ability to work during the application process or at the hearing, in conjunction with medical evidence of record, provides a reasonable basis in law and fact for the ALJ's decision. Accordingly, the Commissioner was substantially justified as to the remanded issue and plaintiff's motion for EAJA fees is denied.

II. Reasonableness of Attorney's Fees

Even assuming that the Commissioner's position was not substantially justified, plaintiff's request for attorney fees is

unreasonable. Under the EAJA, the "court's award of attorney fees must be 'reasonable.'" <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The party seeking fees bears the burden of establishing its entitlement to such a reasonable award. <u>Id.</u> at 437.

As discussed above, plaintiff seeks attorney fees in the amount of $4,512.76 for obtaining a remand of an issue she did not raise below or on appeal to this Court. The Commissioner contends that the issue on which this Court remanded was distinct and separate from plaintiff's other, unsuccessful claims, such that any award should reflect only those fees that were incurred with respect to the successful claim. Further, the Commissioner argues that, even if the claims are interrelated, plaintiff's overall success in this case was limited and, thus, the fees should be apportioned in accordance with the level of success obtained.

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." <u>Hensley</u>, 461 U.S. at 440. Here, plaintiff's unsuccessful claims do not share the same core facts and are not based on the same legal theories as the issue on which the case was remanded. In other words, evidence pertaining to plaintiff's unsuccessful claims is not material or relevant to her

Page 11 - OPINION AND ORDER

use of medications and any corresponding side-effects. Specifically, this Court's decision to remand was premised on evidence of plaintiff's prescription medication usage. <u>Epperson-Nordland</u>, 2013 WL 5774110 at *9-10. Conversely, plaintiff's first allegation of error, concerning the dismissal of her DIB claim and assessment date of her SSI claim, was premised on the doctrine of res judicata and whether there was any new and material evidence in the record that pertained to the previously-adjudicated period. Additionally, plaintiff's second claim, that she was erroneously found not credible, was based on her testimonial evidence at the hearing, as well as her failure to seek medical treatment and poor work history. Plaintiff premised her final contention, that the ALJ improperly rejected Dr. Swena's testimony, on Dr. Swena's reports and treatment notes. Although his reports discuss plaintiff's prescriptions, they are nearly devoid of references to side-effects or to the large amount of narcotics plaintiff took, despite the fact that he was plaintiff's prescribing doctor; evidence from Dr. Swena was therefore not dispositive as to this Court's remand.

In sum, plaintiff requested fees for nearly 25 hours of work, but none of these fees arose out of the legally and factually discrete issue on which plaintiff obtained a remand. <u>See</u> Pl.'s Att'y Timesheet 1; Pl.'s Reply to Mot. Att'y Fees 4-5. Therefore, because all of plaintiff's fees arose from unrelated claims on which she did not prevail, she is not entitled to EAJA fees.

Even if plaintiff's unsuccessful claims were related to the issue on which the case was ultimately remanded, plaintiff failed

Page 12 - OPINION AND ORDER

to "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. "[T]he extent of plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." Id. at 440. If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. at 436.

Plaintiff made three arguments on appeal to this Court and succeeded on none of them. The issue on which she did receive a remand was extremely narrow and unlikely to be determinative of whether she was disabled. Essentially, plaintiff's counsel did nothing to achieve the result obtained, beyond initially filing an appeal in this Court. As such, plaintiff achieved only limited success. For these reasons, plaintiff's request for attorney fees is denied.

**CONCLUSION**

The Commissioner's position was substantially justified. Plaintiff's request for attorney fees is also unreasonable. Accordingly, plaintiff's EAJA application (doc. 20) is DENIED.

IT IS SO ORDERED.
Dated this /7th day of March 2014.

_____
Ann Aiken
United States District Judge

Page 13 - OPINION AND ORDER